UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


ANTHONY TODD GAUTREAUX
and JODY GAUTREAUX                                    CIVIL ACTION

VERSUS                                                NO. 08-4645

TETRA APPLIED TECHNOLOGIES, LLC,                      SECTION: "C"(2)
ET AL.

**ORDER AND REASONS**

Before the Court is the Plaintiff's Motion to Strike Expert Testimony of David H. Scruton. (Rec. Doc. 110). The Defendants' oppose the Motion (Rec. Doc. 114).The Motion is before the Court on the briefs, without oral argument. Having considered the record, the memoranda of counsel, and the applicable law, the Motion is GRANTED for the following reasons.

**I. Background**

The facts of this case were summarized by this Court in a previous order. (Rec. Doc. 105). The relevant remaining facts are that Defendant, Forest Oil Corporation ("Forrest"), proposes to have David H. Scruton testify as a marine liability expert at trial. (Rec. Doc. 113). Plaintiffs argue that Mr. Scruton's testimony is inadmissible because he will testify to matters within the common knowledge of an average juror. (Rec. Doc. 110 at 2). Moreover, Plaintiffs argue that Mr. Scruton's testimony regarding wave formation is inadmissible because Mr. Scruton is not qualified to testify as an expert regarding that subject. *Id.* at 8. Forrest responds by arguing that Mr. Scruton will testify to complex maritime safety regulations outside the typical knowledge of a jury and that Mr. Scruton is qualified to testify as an expert regarding the formation of waves. (Rec. Doc. 114 at 2).

1

**II. Expert Witness Standard**

Federal Rule of Evidence 702 governs the admissibility of expert testimony and reports. It states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed. R. Evid. 702.

Rule 702 was amended in 2000 to reflect the United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). The *Daubert* decision changed the criteria for the admissibility of expert testimony and charged trial courts to act as "gate-keepers" to ensure that the proffered testimony is both relevant and reliable. *Daubert*, 509 U.S. at 589. In *Kumho Tire*, the Supreme Court held that the relevant and reliable standard announced in *Daubert* for scientific expert testimony applied to all types of expert testimony. *Kumho Tire*, 526 U.S. at 147.

In *Daubert*, the Supreme Court created a two-prong test for trial judges to determine the admissibility of expert testimony. To admit expert testimony, a court "must determine at the outset, pursuant to Rule 104(a), whether the expert is proposing to testify to: (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Daubert*, 509 U.S. at 592. Additionally, both prongs of the *Daubert* test must be satisfied before the proffered expert testimony may be admitted. *Id.* at 595. This analysis "entails a preliminary assessment of whether the

reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* Thus, the first prong of *Daubert* focuses on whether the expert testimony is based on a reliable methodology. In determining an expert's reliability, the court's focus "must be solely on principles and methodology, not on the conclusions that they generate." *Id.* at 595. Several factors which may be considered in determining the soundness of the scientific methodology include: (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards; and (4) whether the theory or technique used has been generally accepted. *Id.* at 593-94. These factors do not constitute a definitive checklist or test. *Kumho Tire*, 526 U.S. at 144. Instead, they compose a nonexclusive, flexible test to ascertain the validity or reliability of the methodology the expert employed. *Id.* The applicability of each factor depends on the particular facts of the case. *Id.*

The second prong, whether the proposed testimony will assist the trier of fact to understand or determine a fact in issue, goes primarily to the issue of relevancy. *Daubert*, 509 U.S. at 591. *Daubert* described this examination as a question of whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute. *Id.*, citing *United States v. Downing*, 753 F.2d 1224, 1242 (3rd Cir. 1985). As noted in *Cunningham v. Bienfang*, 2002 WL 31553976 (N.D.Tex. Nov. 15, 2002), Federal Rule of Evidence 401 defines "relevant evidence" as that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

Therefore, expert testimony is not relevant, and thus, inadmissable if it is not helpful.

"Whether the situation is a proper one for the use of expert testimony is to be determined on the basis of assisting the trier." *Peters v. Five Star Marine*, 898 F.2d 448, 450 (5th Cir. 1990). The Court in *Peters* ruled that it is within the discretion of the trial judge to decide "that the [fact-finder] could adeptly assess the situation using only their common experience and knowledge", and thus exclude expert testimony on that basis. If the expert's testimony brings no more to the finder of fact than the lawyers can offer in argument, the expert's opinions should be excluded. *In re Midland Enterprises, Inc.*, 2002 WL 31780156 at *3 (E.D.La. Dec. 11, 2002).

It is important to note that when expert testimony or reports are challenged under *Daubert*, the Court's role as a gatekeeper does not replace either the traditional adversary system, or the jury's place within the system. *Scordill v. Louisville Ladder Group, L.L.C.*, 2003 WL 22427981, at *3 (E.D.La. October 24, 2003). As the *Daubert* court noted, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596. As a general rule, questions relating to the bases and sources of an expert's opinion rather than its admissibility should be left for the jury's consideration. *United States v. 14.38 Acres of Land, More or Less S. in County, Miss*. 80 F.3d 1074, 1077 (5th Cir. 1996) (citing *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

**III. Analysis**

This Court notes that it excluded Mr. Scruton as an expert in a prior case, which involved almost identical factual allegations. *Ball v. Sea Mar, Inc.*, 2002 WL 1561488 (E.D.La.). In *Ball* the plaintiff alleged that he was injured by an errant hose on a moored vessel, while in this case the

4

injury involves a slippery deck and loose wooden boards. Here, as in *Bell,* "the dynamics of the claimed accident do not require expert testimony." *Id.*

The majority of Mr. Scruton's report consists of facts mirrored from witness depositions and the legal conclusions Mr. Scruton draws from those facts. (Rec. Doc. 110-3). For example, Mr. Scruton concludes that "if, as Mr. Gautreaux testified, the Tetra crew came out to clear the boards after an alleged accident, it is a strong conclusion that they would have cleared the boards prior to the accident had Mr. Gautreaux reported the matter to the tool pusher and insisted on correction." *Id.* at 9. A jury could reach the same conclusion on its own through their "common experience and knowledge", making expert testimony unnecessary. *Peters*, 898 F.2d 448 at 450.

Finally, Mr. Scruton has not established that he has scientific knowledge of whether waves existed on White Lake at the time of the accident, as he provides no explanation as to how he arrived at his conclusions. (Rec. Doc. 110-3 at 10). In addition, Mr. Scruton has not established the basis of his expertise for testifying about wave formation, which makes his proposed expert testimony inadmissible. *Daubert*, 509 U.S. at 592.

## IV. Conclusion

Accordingly,

IT IS ORDERED that the Plaintiffs' Motion to Strike the Expert Testimony of David H. Scruton is GRANTED (Rec. Doc. 110).

New Orleans, Louisiana, this 1st day of October, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

5